# BALSTER *v.* CADICK.

HUSBAND AND WIFE; GIFTS; EJECTMENT; CURTESY; WILLS.

1. Real estate transferred by a husband to his wife is a gift to her, although the title is passed to her through a third person as a medium for the transfer. (Following *Cammack* v. *Carpenter*, 3 App. D. C. 219.)

2. While D. C. Rev. Stat. sec. 728, which permitted a married woman to convey or devise her property as if sole, did not take away the husband's right of curtesy, it gave her the power to destroy it by conveyance or devise. (Following *Uhler* v. *Adams*, 1 App. D. C. 392, and *Zeust* v. *Staffan*, 16 App. D. C. 141.)

3. Where a married woman acquired real estate by gift from her husband at a time when the married women's acts, Act of Congress of April 10, 1869 (16 Stat. at L. 45, chap. 23, and D. C. Rev. Stat. secs. 727, 728), were in force in this District, her devisees are entitled to recover possession from the husband in an action of ejectment.

4. A devise of "all" of the property of the testatrix, "of every kind," is plain and free from ambiguity, and excludes the idea that the devise is subject to the curtesy of the husband of the testatrix in the real estate.

No. 1729    Submitted March 20, 1907.    Decided April 2, 1907.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action of ejectment.    *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellees, Florence V. B. Cadick, Emma J. Balster, John Balster, infant, by Florence V. B. Cadick, next friend, and

Charles Kohler. Balster, by Florence V. B. Cadick, his next friend, as plaintiffs, filed a declaration in ejectment against the appellant, Theodore Balster, to recover lot 4 in square 465 in the city of Washington.

Appellees are the children of the appellant and his late wife, Johanna Balster. The lot was conveyed to Theodore Balster in 1881. On March 7, 1895, he conveyed the same to Louise M. Kohler, a sister of his wife. On the next day Louise M. Kohler conveyed to Johanna Balster. The consideration recited in the two last deeds is $10. Appellant and his said wife, with their younger children, occupied the premises until the death of the wife July 4, 1903. Appellant has since remained in possession of the premises. Johanna Balster died, leaving a will, since duly probated, in which, after a provision for the payment of all just debts, she bequeathed to the appellees "all my property of every kind, to be divided between them equally." After further proof relating to the value of the occupation of the premises, the plaintiffs rested. The defendant, through his counsel, stated that he relied alone upon his tenancy by the curtesy, and announced that he expected to prove that the original purchase of the lot was made with his own separate funds, no contribution having been made by his said wife. That the nominal consideration in the deed to Louise M. Kohler was not paid, nor was any other consideration. That neither the nominal consideration recited in the deed from her to Johanna Balster, nor any other consideration, was paid therefor. That the reason for the two conveyances was that appellant, on the eve of the execution of the conveyances, was ill and believed his death imminent, and desired to pass the title to his wife without the expense of making a will and that of its subsequent probate. That the conveyance to Louise M. Kohler was as an intermediary between him and his said wife. That Johanna Balster was seized of the premises during her life, and that appellees are the issue of his marriage with her.

Upon this statement, the court, on motion of plaintiffs, directed a verdict in their favor. From the judgment entered thereon, defendant appealed.

*Mr. James B. Archer, Jr.,* and *Mr. John Lewis Smith* for the appellant.

*Messrs. Coldren & Fenning* and *Mr. Charles A. Keigwin* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The single question presented for decision is whether the appellant is entitled to claim possession of the premises for life as tenant by the curtesy. This is determinable under the provisions of the married women's acts in force at the time of the conveyance to the mother of the appellees. The first act was approved April 10, 1869 (16 Stat. at L. 45, chap. 23), and carried into the revision of the statutes applicable to the District of Columbia, in 1874, as secs. 727, 728, and others that have no bearing upon the present case. Sec. 727 declared the right of a married woman to any property, real or personal, belonging to her at the time of marriage, or acquired by her during marriage *in any other way than by gift or conveyance from her husband,* shall be as absolute as if she were unmarried. That the property conveyed was, under the admitted statement, in fact a gift from her husband, is not affected by the fact that it passed to the wife through her sister as a mere medium for the transfer of the title. *Cammack* v. *Carpenter,* 3 App. D. C. 219, 226. It has heretofore been held by the general term of the supreme court of the District,* and by this court, that the statute aforesaid, neither by express provision nor necessary implication, has the effect to abolish tenancy by the curtesy. *Uhler* v. *Adams,* 1 App. D. C. 392, 398. But it was also said in that case: "The act unquestionably gives the married woman the power to destroy it either by conveyance of her estate by deed, or by the devise of it in her will." See also *Zeust* v. *Staffan,* 16 App. D. C. 141, 147. In

that case, however, the right of the husband as tenant by the curtesy having become vested before the revision of the statutes, in 1874, it was held that it could not be impaired by the provisions of sec. 728 of that revision. But what was said in respect of the effect of that section accords with the construction thereof in *Uhler* v. *Adams, supra.* Sec. 728 reads as follows: "Any: married woman may convey, devise, and bequeath her property, or any interest therein, in the same manner and with like effect as if she were unmarried." This section broadened the act of. 1869, then under revision, and extended the power of conveyance, bequest, and devise to a married woman as if she were unmarried, of all of her property, however derived. *Hamilton* v. *Rathbone,* 175 U. S. 414, 419, 44 L. ed. 219, 221, 20 Sup. Ct. Rep. 155.

The land in controversy having been acquired by the wife after the enactment of sec. 728, though by gift from her husband, passed by her devise to the appellees freed of any right of the husband as tenant by the curtesy.

There is nothing in the appellant's contention that the words "all my property" used in the will may refer as well to the fee, subject to the curtesy, as to any other interest. The words are plain and free from ambiguity, and carry the absolute estate without limitation or restriction.

The court was right in directing the verdict, and the judgment thereon for the plaintiffs must be affirmed, with costs. It is so ordered.                                    *Affirmed.*